# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HOWARD COHAN,

    Plaintiff,

v.                                                  Case No:   6:24-cv-01274-GAP-LHP

OSSA-OTP OWNER LLC,

    Defendant

---

## ORDER

Before the Court is "Plaintiff Howard Cohan's Motion for Entry of Final Default Judgment Against Defendant Pei Wei Asian Diner, LLC." Doc. No. 11.[1] Upon review, and for the reasons discussed below, the motion (Doc. No. 11) is **DENIED without prejudice**.

**I.  BACKGROUND.**

On July 12, 2024, Plaintiff Howard Cohan brought this lawsuit against OSSA-OTP Owner LLC, a foreign LLC d/b/a Homewood Suites Orlando Convention

---

[1] Although the title of the motion references "Defendant Pei Wei Asian Diner, LLC," the named Defendant in this case is OSSA-OTP Owner LLC, a foreign LLC doing business as Homewood Suites Orlando Convention Center South.  Doc. No. 1. Accordingly, the Court deems the reference to Pei Wei Asian Diner, LLC to be a scrivener's error.

Center South.  Doc. No. 1.  Plaintiff alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*.  *Id.*  According to the complaint, Plaintiff resides in Palm Beach County, Florida, and he suffers from several disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb.  *Id.* ¶¶ 3, 6.  Plaintiff alleges "upon information and belief Defendant is the lessee, operator, owner and lessor of the Real Property, which is subject to this suit[.]"  *Id.* ¶ 4.  Plaintiff never alleges the nature of Defendant's business, but does allege that it is a place of public accommodation.  *Id.* ¶ 22.

Plaintiff alleges that he frequently travels to the Orlando area, and he visited Defendant's premises on April 3, 2024.  *Id.* ¶¶ 7, 12.  At the time of his visit, Plaintiff alleges that he "required the use of fully accessible and properly marked passenger loading zone, fully accessible restrooms, and fully accessible service and eating areas.  Plaintiff personally visited the Premises, but was denied full and equal access and full and equal enjoyment of the facilities and amenities within the Premises, even though he would be classified as a 'bona fide patron.'"  *Id.* ¶ 7.

Plaintiff claims that he "will absolutely return" to the premises if the premises are modified to comply with the ADA, and that Plaintiff will continue to suffer injury as a result of Defendant's discrimination until Defendant is compelled to comply. *Id.* ¶¶ 8, 10, 13, 24–25.   Plaintiff also notes that independent of his personal desire to return to the premises, he acts as a "tester" for discovering ADA violations and engages in legal action to enjoin discrimination in places of public accommodation, and he will return to the premises for that purpose.   *Id.* ¶¶ 14–15, 17.   Plaintiff alleges that based on a "preliminary inspection" of the premises, there exist sixteen (16) separate violations of the ADA.   *Id.* ¶ 27.

Defendant was served with a copy of the summons and complaint through an employee of its corporate registered agent on July 24, 2024.   Doc. No. 5; *see* Fla. Stat. §§ 48.062, 48.091.   Defendant had twenty-one days from the date of service to respond to the complaint, but did not.   *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, on Plaintiff's motion, the Clerk properly entered default.   Doc. Nos. 8–10.   *See* Fed. R. Civ. P. 55(a).   Now, Plaintiff seeks default judgment.   Doc. No. 11.

## II.   STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.   First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the

Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b).  Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2]  Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

A complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This analysis applies equally to motions for default judgment.  *De Lotta v. Dezenzo's Italian Rest., Inc.*,

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

**III. ANALYSIS.**

For purposes of this Order, the Court accepts that the allegations of the complaint adequately allege standing, based on Plaintiff's claim that he: (1) suffers from several disabilities; (2) visited the premises; (3) encountered barriers to access; (4) frequently travels to Orlando; and (5) would "absolutely return" to the premises if the alleged violations were cured. Doc. No. 1 ¶¶ 3, 6–8, 12, 17, 27. *See, e.g., Cohan v. Carmel Mgmt. Grp. LLC,* No. 6:23-cv-2316-PGB-DCI, 2024 WL 4416789, at *3 (M.D. Fla. Oct. 4, 2024) (finding substantially similar allegations as a whole, and taken as true, sufficient to establish standing); *Cohan v. Major Universal Lodging, LLC*, No. 6:23-cv-2404-WWB-DCI, 2024 WL 2892946, at *3–4 (M.D. Fla. June 10, 2024) (same).

That said, as with similar cases also filed by Plaintiff, the complaint does not sufficiently allege an ADA claim. *E.g.*, *Carmel Mgmt. Grp. LLC*, 2024 WL 4416789, at *4; *Major Universal Lodging, LLC*, 2024 WL 2892946, at *4–5. "Title III prohibits discrimination against the disabled by private entities at 'any place of public accommodation.'" *Price v. City of Ocala, Fla.*, 375 F. Supp. 3d 1264, 1269 (M.D. Fla. 2019) (citing 42 U.S.C. § 12182). "To state a claim under Title III, a plaintiff must establish (1) that the plaintiff is disabled; (2) that the defendant owns, leases, or

operates a place of public accommodation; and (3) that the defendant denied the plaintiff—on the basis of the disability—full and equal enjoyment of the premises." *Id.* (citation and quotation marks omitted).

Here, Plaintiff satisfies the first element, as he alleges in the complaint that he suffers several permanent disabilities. Doc. No. 1 ¶ 6; *see also Carmel Mgmt. Grp. LLC*, 2024 WL 4416789, at *4; *Major Universal Lodging, LLC*, 2024 WL 2892946, at *5.

However, as to the second element, Plaintiff never even identifies what the "Premises" owned by Defendant are, and includes only a conclusory allegation that it is a place of public accommodation. Doc. No. 1 ¶ 22.[3] Moreover, Plaintiff alleges in the complaint that "upon information and belief Defendant is the lessee, operator, owner and lessor of the Real Property, which is subject to this suit[.]" Doc. No. 1 ¶ 4. However, courts in this District have found such vague allegations, to include those made "upon information and belief," insufficient to support default judgment. *See Carmel Mgmt. Grp. LLC*, 2024 WL 4416789, at *4; *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 665, 668 & n.1 (M.D. Fla. 2015) ("[T]here is no factual basis pled to conclude this Defendant is, in fact, the 'lessee, operator, owner and lessor'";

---

[3] Plaintiff may not rectify this issue by his motion for default judgment. *See* Doc. No. 11, at 2; *see also McNeil v. Chereddy*, No. 6:20-cv-1767-WWB-GJK, 2021 WL 2955860, at *4 (M.D. Fla. Apr. 8, 2021) ("The Court may not look to evidence extraneous to the allegations of the complaint in determining liability because a defendant admits only the well-pleaded facts in the complaint when a default is entered against it." (citation and quotation marks omitted)).

rejecting allegations "upon information and belief"; and noting skepticism that "the same entity is both the lessor and the lessee of the real property"); *see also Bell v. FTMC, LLC*, No. 8:17-cv-3100-T-23AAS, 2018 WL 4565745, at *1 (M.D. Fla. Sept. 24, 2018) ("Unsupported, conclusory allegations of ownership fail to state a claim under the ADA."); *Tidwell v. S. Petro Holding LLC*, No. 2:19-cv-98-FtM-29UAM, 2019 WL 2173838, at *2 (M.D. Fla. May 20, 2019) ("Plaintiff's only allegation of ownership is that defendant 'is the owner, lessee, lessor and/or operator' of the property. However, unsupported, conclusory allegations of ownership fail to state a claim under the ADA." (citations omitted)).

Plaintiff's complaint also does not adequately allege the third element. Plaintiff fails to adequately allege that he actually encountered barriers at the subject premises. Although Plaintiff includes a host of alleged ADA violations in his complaint, aside from alleging that Plaintiff visited the premises, Plaintiff does not allege that he physically encountered those violations during his visit. *See* Doc. No. 1. Accordingly, the complaint is not sufficient to state a claim. *See Carmel Mgmt. Grp. LLC*, 2024 WL 4416789, at *4 ("To be sure, Plaintiff provides a list of supposed ADA violations—however, aside from alleging that Plaintiff visited the premises on two occasions, Plaintiff does not allege that he physically encountered any barriers or violations at the premises."); *see also Kennedy v. U & V Food Corp.*, No. 2:17-cv-696-FtM-38MRM, 2019 WL 343201, at *4 (M.D. Fla. Jan. 10, 2019), *report

*and recommendation adopted*, 2019 WL 338914 (M.D. Fla. Jan. 28, 2019) ("A Plaintiff may only complain of barriers actually encountered at a defendant's property." (citation omitted)).

Finally, as has been explained to Plaintiff in other cases, under the ADA, a different standard applies depending on when the building at issue was constructed, *i.e.*, prior to or after January 25, 1993, which is the date the ADA was enacted. *See Garthright-Dietrich v. Atl. Landmarks, Inc.*, 452 F.3d 1269, 1272–73 (11th Cir. 2006) (explaining that for facilities constructed after enactment of the ADA, "facilities have to meet exacting design and implementation standards to be in compliance with the ADA," while for facilities constructed prior to the enactment of the ADA "discrimination includes a private entity's 'failure to remove architectural barriers . . . where such removal is readily achievable.'" (quoting 42 U.S.C. § 12182(b)(2)(A)(iv))).

Here, Plaintiff only conditionally pleads this requirement, stating:

To the extent the Premises, or portions thereof, existed and were occupied prior to January 26, 1992, the owner, lessor, lessee or operator has been under a continuing obligation to remove architectural barriers at the Premises where removal was readily achievable, as required by 28 C.F.R. §36.402.

To the extent the Premises, or portions thereof, were constructed for occupancy after January 26, 1993 the owner, lessor, lessee or operator of the Premises was under an obligation to design and construct such Premises such that it is readily accessible to and usable by individuals with disabilities, as required by 28 C.F.R. §36.401.

Doc. No. 1 ¶¶ 31–32.  "[G]iven Plaintiff's failure to definitively allege whether the property is a 'pre-existing building' under the ADA, the Court cannot determine what standard to apply, which, in turn, inhibits the Court from determining whether Plaintiff has stated a claim against Defendant."  *Major Universal Lodging, LLC*, 2024 WL 2892946, at *6; *see also Kennedy*, 2019 WL 343201, at *5, *report and recommendation adopted*, 2019 WL 338914 (M.D. Fla. Jan. 28, 2019) ("Because Plaintiff has not definitively allege[d] whether or not [Defendants' property] is a 'pre-existing building' under the ADA, the Court cannot determine what standard to apply and, therefore, cannot determine whether she has stated a claim." (citation and quotation marks omitted)).  Even assuming Plaintiff had alleged that the premises was a preexisting building, a conclusory allegation that removal of the barriers is "readily achievable" is insufficient.  *See Major Universal Lodging, LLC*, 2024 WL 2892946, at *6; *Kennedy*, 2019 WL 343201, at *5, *report and recommendation adopted*, 2019 WL 338914 (M.D. Fla. Jan. 28, 2019) ("[A]lleging the legal conclusion that a barrier is readily achievable, without more, is insufficient to establish that removal is, in fact, readily achievable." (citation omitted)).

## IV. CONCLUSION.

For the reasons discussed herein, Plaintiff's motion for default judgment (Doc. No. 11) is **DENIED without prejudice**.  *See Carmel Mgmt. Grp. LLC*, 2024 WL 4416789; *Major Universal Lodging, LLC*, 2024 WL 2892946.

It is **ORDERED** that within **fourteen (14) days** of the date of this Order, Plaintiff may file a renewed motion for default judgment supported by a memorandum of legal authority demonstrating how the well pleaded allegations of the complaint establish Plaintiff's entitlement to default judgment, and addressing each of the issues set forth in this Order supported by citation to legal authority in support. Alternatively, within **fourteen (14) days** of the date of this Order, Plaintiff may file an amended complaint, should he deem it appropriate to do so. **Failure to either file a renewed motion or an amended complaint by this deadline will result in a recommendation to the presiding District Judge that the case be dismissed.**

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2025.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties